**United States District Court**
**District of Connecticut**

Michael Picard,
*Plaintiff*

                                        Docket No. 5:19-cv-511

v.

John Fontneau,
*Defendant*                              April 5, 2019

### Complaint

In this suit, Plaintiff Michael Picard seeks redress for a municipal police employee's decision to harass and arrest him for exercising his First Amendment rights, specifically, for using them to protest the wrongful arrest of a man who the defendant municipal police department had arrested two weeks earlier for warning drivers about ticketing for cellphone use.

It should not have to be done but Mr. Picard seeks damages to remind the defendant that public scrutiny of the police is a necessary component of democracy.

#### Jurisdiction

1. The United States District Court has subject matter jurisdiction over this dispute because the Plaintiff's claims arise under the law of the United States. 28 U.S.C. § 1331.

2. Venue is proper in the District of Connecticut because all of the events giving rise to the Plaintiff's claims transpired within it. 28 U.S.C. § 1391(b)(2).

#### Parties

3. Plaintiff Michael Picard is a resident of South Windsor, Connecticut.

4. Mr. Picard is an entrepreneur and college student, who attends classes at Manchester Community College.

5. Defendant John Fontneau was at all times salient to this Complaint an employee of the Stamford, Connecticut municipal police department and was the chief of police of the police department.

#### Facts

6. At around 10:00 am on the morning of April 26, 2018 at the state courthouse located at 123 Hoyt Street in Stamford, the prosecuting authority of the State of Connecticut was holding the

1

arraignment of Michael Friend who, two weeks earlier, had been arrested for warning drivers about ticketing for cellphone use.

7. Mr. Picard chose to protest the arrest, and that morning's proceedings, by standing outside the courthouse holding a placard that read, "FUCK FREE SPEECH – STAMFORD PD" which Picard meant to suggest to any that saw his sign that the Stamford Police department was dismissive of citizens' First Amendment rights as epitomized by the recent arrest of Michael Friend which arrest the Plaintiff believed to have been in violation of one or more of Mr. Friend's Constitutional rights.

8. At about 10:30 am Mr. Picard decided to move his protest to the sidewalk in front of the Stamford Police Department which is adjacent to the courthouse.

9. Mr. Picard stood on the sidewalk in front of the police station for a few minutes before a police officer came out of the police station and told Mr. Picard to take his sign down or face arrest.

10. Mr. Picard attempted to explain to the police officer that he had the right to protest in this fashion but the police officer cut Mr. Picard off in this attempt and re-issued the ultimatum that Mr. Picard either take down the sign or face arrest.

11. Mr. Picard was standing on a public sidewalk that ran between Hoyt Street and Bedford Street which provided the public a through-way along those streets and also provided access to the front doors of the police station which are situated at the top of a wide concrete staircase situated along that sidewalk.

12. The police officer who confronted Mr. Picard stood on this staircase while issuing his order to Mr. Picard and when Mr. Picard declined to take down his sign the police officer ordered some other police officers to place Mr. Picard under arrest whereupon Mr. Picard's sign was taken from him and he was led up the staircase and into the police station.

13. Mr. Picard was booked and processed, had his body worn video camera confiscated from him, was issued a $500.00 bond and was held at the police station until some friends were able to bond him out about an hour later.

14. The police officer who ordered Mr. Picard's arrest was later discovered to be Stamford Police Chief John Fontneau.

15. At the direction of Chief Fontneau, Mr. Picard was charged with one count of 2nd degree breach of peace (Conn. Gen. Stat. §53a-181)

16. On May 10, 2018, Mr. Picard traveled from East Hartford, Connecticut to the Connecticut Superior Court in Stamford for arraignment as he had been commanded to do by the Defendant.

2

17. On that day his attorney filed a motion for the return of his property and the arraignment was continued to July 5, 2018 which caused Mr. Picard to again have to travel from East Hartford to Stamford Connecticut to attend court or else face re-arrest.

18. At court on July 5, 2018 Mr. Picard was expecting to enter a plea but instead the prosecutor announced that he was entering a nolle on the criminal charge thereby officially declining to prosecute the case.

18. Mr. Picard's attorney then made an oral motion to dismiss the case and the prosecutor made no objection.

19. The judge presiding in the courtroom that morning asked Mr. Picard's attorney if Mr. Picard was willing to stipulate that the police had probable cause to arrest him, to which Mr. Picard's attorney answered, "no."

20. The judge granted the dismissal after a brief sidebar between herself, the prosecutor and Mr. Picard's attorney, causing the case to end with a dismissal of the charge.

19. Although the charge Mr. Picard was facing was dismissed on the morning of July 5, 2018 Mr. Picard was not allowed to retrieve his belongings from the Stamford Police Department until July 27, 2018 necessitating a third trip from East Hartford to Stamford in order to retrieve his belongings.

### Count One: Violation of the First Amendment

20. By taking Mr. Picard's sign from him the Defendant violated Mr. Picards's First Amendment right to free speech.

### Count Two: Violation of the Fourth Amendment

21. By seizing Mr. Picards sign from him the Defendant violated Mr. Picard's Fourth Amendment right to be free from unreasonable seizure of his belongings.

### Count Three: Violation of the First Amendment

22. By causing Mr. Picard to stop protesting under threat of arrest, the Defendant contravened his right to free speech.

### Count Four: Violation of the Fourth Amendment

23. By seizing Mr. Picard's camera from him without it being either contraband or else the instrumentality of a crime the Defendant contravened Mr. Picards's Fourth Amendment right to be free from unreasonable seizure of his belongings.

**Count Five: Violation of the Fourth Amendment**

24. By arresting Mr. Picard without probable cause to do so the Defendant violated Mr. Picard's Fourth Amendment right against unreasonable seizure.

**Count Six: Violation of the Fourth Amendment**

25. By maliciously causing a prosecution against Mr. Picard to commence without probable cause the Defendant violated his right against unreasonable seizure.

**Count Seven: Violation of the First Amendment**

26. By arresting Mr. Picard for holding a sign on a public sidewalk, the Defendant violated his First Amendment right to free speech.

**Requests for Relief**

27. Accordingly, Mr. Picard is entitled to have this Court:

(a) award him damages for the violation of his rights,

(b) award him punitive damages for the Defendant's willful and malicious conduct,

(c) order the Defendant to repay his reasonable costs and fees in accordance with 42 U.S.C. § 1988, and,

(d) order any further relief as justice requires.

28. Additionally, Mr. Picard demands a jury trial on all disputes of material fact.

Joseph R. Sastre (# ct28621)
The Law Office of
Joseph R. Sastre, LLC
67 Chestnut Street
Bristol, CT 06010
(860) 261-5643
joseph.sastre@gmail.com